IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Arthur J. Anderson, Jr., | ) | C/A No.: 1:10-996-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Darlene Drew, in her individual and official capacities, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Arthur J. Anderson, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Plaintiff is an inmate at the Federal Correctional Institution (FCI) in Bennetsville, South Carolina, a facility of the Bureau of Prisons (BOP). Before the court is Defendant's Motion to Dismiss [Entry #22]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) and (e) (D.S.C.), the undersigned is authorized to review such complaints for relief. Because the motion to dismiss is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

I.      Factual and Procedural Background

Plaintiff filed his complaint in this action on April 21, 2010 [Entry #1]. Defendant's motion to dismiss was filed on September 2, 2010. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond

adequately to Defendant's motion [Entry #23]. Plaintiff filed a timely response in opposition to Defendant's motion on September 27, 2010 [Entry #32] and the motion is ripe for review after a reply by Defendant and sur reply by Plaintiff [Entry #26, #29]. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendant's motion to dismiss be denied.

Plaintiff's alleges that Defendant Drew's denial of his request to be married violated his constitutional rights. Drew's response to Plaintiff's request states "In regards to your request, concerns were noted with the nature of your offense, offense behavior, and pre-trial supervision." [Entry #1-2]. According to Plaintiff, Drew treated his request to marry differently than other prisoners' requests because his relationship is interracial. *Id.* at 4. Plaintiff claims the decision was racially motivated in violation of his constitutional rights. *Id*.

II.     Standard of Review

Defendant moves to dismiss this action pursuant to Fed. R. Civ. Proc. 12(b). This court is required to liberally construe pro se complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). Although the court must liberally construe a pro se complaint, the United States Supreme Court has recently made clear that, under Fed. R. Civ. Proc. 8, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the United States Supreme Court stated in *Iqbal*:

3

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 556, 557, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

III.   Analysis

Plaintiff is bringing suit against the warden of a federal prison. As such, his constitutional claims are evaluated under *Bivens*. *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983. Therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241–42 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310, n. 8 (M.D.Ala. 2001) ("the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

A.    Exhaustion of Administrative Remedies

Defendant has moved to dismiss the complaint based in part on the defense of Plaintiff's failure to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that federal prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211, (2007); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. Exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741. Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216.  No unexhausted claims may be considered by the court; such claims must be dismissed. *Jones*, 549 U.S. at 211. The PLRA requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The Bureau of Prisons has a three-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10 et seq. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. § 542.14. The matter will be investigated, and a written response provided to the inmate. *Id*. If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. *Id*. Appeal to the General Counsel is the final level of agency review. 28 C.F.R. §542.15(a).

Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. *Jones*, 549 U.S. at 204. It also has the potential to reduce the number of inmate suits and to improve the quality of suits that are filed by producing a useful administrative record. *Id.*; *Woodford*, 548 U.S. at 94–95. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved. *Woodford*, 548 U.S. at 95.

Here, Defendant has failed to prove that Plaintiff did not exhaust his administrative remedies. "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005). Defendant argues that Plaintiff failed to submit a BP-9 at the institutional level before filing a BP-10 at the regional level, and

6

therefore failed to properly exhaust. However, Plaintiff has demonstrated he sent inmate correspondence and received a written response from Defendant. *See* Am. Compl. at 2 [Entry #10]; *see also* Exh. A to Pl.'s Resp. to Mot. to Dismiss [Entry #25-2]. Plaintiff's correspondence could have arguably constituted written correspondence to the warden pursuant to 28 C.F.R. § 542.14.

Additionally, Plaintiff has set forth evidence in his response to the motion to dismiss indicating that he filed a BP-9 after the regional office rejected his initial BP-10 and instructed him that a BP-9 was necessary. [Entry #25 at 4; Entry #25-3]. Defendant maintains that the BP-9 should not be considered due to untimeliness. However, it appears Plaintiff attempted to file all of his administrative remedies in a timely fashion, and was thwarted in doing so by reasonably mistaking Defendant's written response to his marriage request as fulfilling the requirement of an administrative remedy at the institutional level.

Based on the specific facts of this case and in light of Defendant's burden in presenting the affirmative defense, it appears Plaintiff has substantially complied with exhausting his administrative remedies. See *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982) (holding that a pro se complaint should not be dismissed when an inmate "has made detailed allegations showing a substantial effort to obtain an administrative remedy"). Plaintiff has demonstrated his repeated efforts to follow the BOP's requirement of exhaustion of the grievance process. The grievance process is to permit prison officials the opportunity to resolve disputes before being haled into court. It is not

a strategic trap that forestalls the resolution of legitimate disputes. Therefore, it is recommended that Plaintiff's motion to dismiss be denied to the extent it is based on Plaintiff's alleged failure to exhaust his administrative remedies.

B.     Subject Matter Jurisdiction

Defendant also argues this case should be dismissed for lack of subject matter jurisdiction in light of sovereign immunity. The United States cannot be sued without its consent, and consent is a prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The United States has not consented to suit under the *Bivens* doctrine. A *Bivens* action may not be brought against agencies or departments of the United States. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* remedy to federal agencies). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants. Therefore, claims for monetary damages against Defendant in her official capacity are barred by the doctrine of sovereign immunity. *See Hagemeier v. Block*, 806 F.2d 197, 202 (8th Cir. 1986), *cert. denied*, 481 U.S. 1054 (1987); *see also Morrison v. Pettiford*, C/A No. 4:07-1504-CMC-TER, 2007 WL 4729692, *1 (D.S.C. Dec. 18, 2007). However, in the instant case, Plaintiff has also requested injunctive relief against Defendant. Therefore, the undersigned recommends the district judge deny Defendant's motion to dismiss to the extent it claims the court lacks subject matter jurisdiction over Defendant for non-monetary relief.

C.   Failure to State a Claim

Defendant also argues Plaintiff has failed to set forth a claim upon which relief can be granted, because Plaintiff has submitted documents with the amended complaint that allegedly contradict his pleadings. Specifically, Defendant argues that although Plaintiff alleges his request to marry was denied based on race, Defendant stated a non-discriminatory reason for denying the request. Defendant's argument is unpersuasive at this stage of the pleadings, as Plaintiff's amended complaint alleges the given reasons for the denial are unsubstantiated and that the denial was based on racial discrimination. Am. Compl. at 3–4. Therefore, it is recommended Defendant's motion to dismiss based on failure to state a claim be denied.

D.   Qualified Immunity

Finally, Defendant asserts she is entitled to qualified immunity in her individual capacity. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 (1982), held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818. The undersigned submits that dismissing the claims against Defendant in her individual capacity is premature on the record in its current posture. Therefore, it is recommended Defendant's motion to dismiss be denied on the basis of qualified immunity.

III.     Conclusion

For the foregoing reasons, it is recommended that Defendant's motion to dismiss [Entry #22] be denied.

IT IS SO RECOMMENDED.

*[signature]*

June 2, 2011                                                                Shiva V. Hodges
Florence, South Carolina                                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**