IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK, CHARLESTON, SC

2011 JUN 21  A 11: 14

| | |
|---|---|
| Arthur J. Anderson, Jr. ) | Civil Action No.: 1:10-996-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Darlene Drew, in her individual and ) | |
| official capacities, ) | |
| ) | |
| Defendant. ) | |

This is a *pro se* action brought by Plaintiff Arthur J. Anderson, Jr., an inmate at the Federal Correctional Institution in Bennettsville, South Carolina, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), with jurisdiction under 28 U.S.C § 1331. Plaintiff alleges that his request to be married was denied by Defendant Darlene Drew, warden of the Bennettsville Correctional Institution, in violation of his constitutional rights. Specifically, Plaintiff contends Drew treated his request to marry differently than other prisoners' requests because his relationship is interracial. (Dkt. No. 1-2).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 72.02(B)(2)(d) (D.S.C.), this matter was referred to the United States Magistrate Judge for all pretrial proceedings. Defendant filed a motion to dismiss on September 2, 2010 (Dkt. No. 22) to which Plaintiff filed a timely response in opposition on September 27, 2010 (Dkt. No. 32). After a reply by the Defendant (Dkt. No. 26) and sur reply by Plaintiff (Dkt. No. 29), the Magistrate Judge issued a Report and Recommendation that the Defendant's Motion to Dismiss be denied. (Dkt. No. 30).

Both parties were advised by the Magistrate Judge of the procedures and requirements for filing objections to the Report and the serious consequences of failing to do so. Defendant has filed an objection to the R&R. As explained herein, this Court has reviewed the Record *de novo*,

1

agrees with the Magistrate's Report and Recommendation, and therefore dismisses the Defendant's Motion to Dismiss.

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Federal Courts are charged with liberally construing a complaint of a *pro se* litigant to allow the development of a potentially meritorious case. *See, e.g.*, *Erickson v. Parfus*, 551 U.S. 89, 94 (2007); *Cruz v. Beto* 405 U.S. 319 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Additionally, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). *Cf.* FED. RULE CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). In evaluating a *pro se* complaint, Federal Courts are to assume the plaintiff's factual allegations are true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

Under the mandated liberal construction standard afforded *pro se* pleadings, if the court can reasonably read the pleading to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), nor can the court ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Willer v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

As Plaintiff brings his suit against the warden of a federal prison, his constitutional claims are evaluated pursuant *Bivens*. Under *Bivens*, victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court regardless of the lack of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). *Bivens* claims are analogous to claims brought against state officials under 43 U.S.C. § 1983; therefore, case law regarding § 1983 claims is applicable in cases involving *Bivens* actions and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814, n.30 (1982) ("[I]t would be untenable to draw a distinction for purpose of immunity law between suits brought against state official under § 1983 and suits brought directly under the Constitution against federal officials."); *see also Farmer v. Brennen*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000).

A. **Subject Matter Jurisdiction**

In her motion to dismiss, Defendant argues Plaintiff's action should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Specifically, Defendant claims Plaintiff's suit is barred by sovereign immunity. (Dkt. No. 22 at 2). While *Bivens* and its progeny establish that federal officials can held liable for damages in their individual capacities, the United States cannot be sued without its consent as such consent is a

prerequisite to a suit against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

A *Bivens* action may not be brought against agencies or departments of the United States because the United States has not consented to suit under the *Bivens* doctrine. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend a *Bivens* remedy to federal agencies); *see also Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (noting "a *Bivens* action does not lie against either agencies or officials in their official capacity."). Plaintiffs cannot circumvent the bar of sovereign immunity by simply naming individual officers or employees of the United States as defendants.

However, in this case, Plaintiff is seeking both monetary and injunctive relief. While Plaintiff's claim for monetary relief must fail under the doctrine of sovereign immunity, Plaintiff's claim for non-monetary, injunctive relief falls under the subject matter jurisdiction of this Court. It has long been recognized that federal courts have authority to grant equitable relief to restrain constitutional violations or *ultra vires* conduct. *See Bivens*, 403 U.S. at 400 (noting "the presumed availability of federal equitable relief, if a proper showing can be made in terms of the ordinary principles governing equitable remedies") (Harlan, J. concurring); *Bell v. Hood*, 327 U.S. 678, 684 (1946) ("[W]here federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief."); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (noting sovereign immunity does not protect federal officials acting outside their authority). Additionally, courts have recognized Congress' express waiver of sovereign immunity of federal officials in certain actions seeking injunctive relief. *See Summat v. United States Bureau of Prisons*, 413 F.3d 1225 (10th Cir. 2005); *Raz v. Lee*, 343 F.3d 936 (8th Cir. 2003).

## B. Exhaustion of Administrative Remedies

Defendant additionally moves to dismiss the complaint on the grounds Plaintiff has failed to exhaust his administrative remedies. Federal prisoners are mandated to exhaust their administrative remedies prior to filing civil actions under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e (a) (1996)). *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2001). Exhaustion of all remedies is required for "[a]ll action[s] . . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Id.* at 524.

As no unexhausted claim may be considered by the court, exhaustion is a threshold requirement which must be fulfilled for a prisoner's complaint to proceed. *See Jones*, 549 U.S. at 220. While an inmate is not required to allege an exhaustion of remedies in his complaint, an inmate's failure to actually exhaust his administrative remedies is an affirmative defense that may be pleaded by the defendant. *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 681 (4th Cir. 2005); *see also*, *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) ("We hold that [nonexhaustion under PLRA] § 1997e(a) creates a defense–defendants have the burden of raising and proving the absence of exhaustion."); *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001) ("[R]eliance upon the PLRA exhaustion requirement is an affirmative defense . . . .").

Here the Defendant has failed to prove Plaintiff did not exhaust his administrative remedies. Defendant's argument that Plaintiff filed a BP-10 at the regional level before filing a BP-9 at the institutional level, fails in light of the fact Plaintiff's sent and received written

5

correspondence from the Defendant which could be arguably constituted as written correspondence to the warden pursuant to 28 C.F.R. § 542.14.[1] (*See* Dkt. No. 10; Dkt. No. 25-2). Additionally Plaintiff has shown that he filed a BP-9 after the regional office rejected his first BP-10 and informed him a BP-9 was necessary. (*See* Dkt. No. 25 at 4; Dkt. No. 25-3). Hence, it appears Plaintiff attempted to file and exhaust all of his administrative remedies in a timely fashion. Plaintiff's original filling of BP-10 regional remedies before BP-9 institutional ones can reasonably be explained by his mistaken belief that Defendant's written response to his marriage request fulfilled the requirements at the institutional level.

The grievance process exists to allow prison officials and prisoners to resolve disputes before turning to the courts. As the Magistrate noted, the process "is not a strategic trap that forestalls the resolution of legitimate disputes." (Dkt. No. 30 at 8).

### C. Failure to State a Claim

Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted. Defendant contends her denial of Plaintiff's request to marry was based on a non-discriminatory reason. However, Plaintiff has alleged Defendant's denial of his requested on the grounds of security concerns is unsubstantiated in light of his prison record, a record free of security issues. (*See* Dkt. No. 23; Dkt. No. 23-3). At this stage of the pleadings, taking these facts in the light most favorable to the Plaintiff, and considering the liberal pleading standard for

---

[1] The Bureau of Prisons has a three-tiered administrative grievance process. *See* 29 C.R.F. §§ 542.10 et seq. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institutional level. 28 C.F.R. §542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. § 542.14. The matter will be investigated and a written response provided to the inmate. *Id.* If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel. *Id.* An appeal to the General Counsel is the final level of agency review. 28 C.F.R. § 542.15(a)

pro se litigants, the Plaintiff has alleged enough facts to "nudge [his] claims across the line from conceivable to plausible . . . ." *Girratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### D. Qualified Immunity

Defendant also asserts she is entitled to qualified immunity as a federal government official performing a discretionary function. (Dkt. No. 22 at 10). While such government officials are "generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), the Court agrees with the Magistrate that dismissing the claims against the Defendant in her individual capacity is premature on the record in its current posture. (*See* Dkt. No. 30 at 9).

### CONCLUSION

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. The Defendant's Motion is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 21, 2011
Charleston, South Carolina