# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Arthur J. Anderson, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:10-996 |
| vs. ) | |
| ) | |
| Darlene Drew, ) | |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |
| ) | |

This matter comes before the Court on Plaintiff's motion to amend his complaint. (Dkt. No. 85). Defendant opposes the motion, asserting alleged jurisdictional defects and failure to exhaust administrative remedies. (Dkt. No. 89). Plaintiff has filed a reply contesting Defendant's jurisdictional and exhaustion arguments. (Dkt. No. 91).

By way of background, this action was originally brought *pro se* by an incarcerated inmate who had been denied his request for authorization to marry. By order dated July 11, 2012, this Court found that Plaintiff had asserted a colorable claim but lacked the capacity to properly present the claim. The Court appointed Plaintiff counsel and denied Defendant's pending motion for summary judgment without prejudice, to allow newly appointed counsel an opportunity to review and evaluate this claim. (Dkt. No. 77). The Court also issued a new scheduling order that authorized amendment of pleadings on or before August 30, 2012. (Dkt. No. 90). Shortly thereafter, the Bureau of Prisons reversed its prior position and authorized Plaintiff to marry. The Court is informed that Plaintiff was married on August 3, 2012. (Dkt.

No. 85 at 3).

Plaintiff, with the assistance of his newly appointed counsel, moved to amend the complaint on August 17, 2012. (Dkt. No. 85). The proposed complaint added additional remedies (actual and compensatory damages and attorney's fees), removed a claim for injunctive relief, and added additional parties. (Dkt. No. 85-1). Plaintiff proposed to add an employee at a Bureau of Prisons halfway house, Erlinda Hernandez, who had subsequent to the original and first amended complaints wrongfully denied Plaintiff's request for authorization to marry, and "John and Jane Does," who are unnamed Bureau of Prison employees who allegedly also wrongfully participated in the deprivation of Plaintiff's right to marry. *Id.*

Defendant objects to the proposed amendment on the ground that it is futile because of an alleged failure of Plaintiff to exhaust his administrative remedies and a lack of personal jurisdiction over Ms. Hernandez. (Dkt. No. 89 at 6-14). Plaintiff vigorously contests the merits of both the exhaustion and jurisdictional arguments of Defendant. (Dkt. No. 91 at 2-6).

It is well settled that under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend "shall be freely given when justice so requires." The Supreme Court, in the landmark decision of *Foman v. Davis*, 371 U.S. 178, 182 (1962), has made it clear that this mandate should "be heeded." An exception exists in this generally liberal rule if there is an "apparent" defect in the pleading that would render the amendment futile. *Id.*; *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

The Court is unable to ascertain from the pleadings and other information now available that the Plaintiff's proposed amendment is actually futile. Indeed, it appears that discovery may be necessary on both the exhaustion and jurisdictional issues before a definitive ruling would be

appropriate. Denial of the Plaintiff's motion to amend under these circumstances would, thus, be inappropriate. The denial of this motion shall not be construed as an adjudication of the jurisdictional or exhaustion issues raised by Defendant.

Therefore, Plaintiff's motion to amend (Dkt. No. 85) is granted. Defendant's pending motion to reconsider (Dkt. No. 84) is hereby denied as moot.

AND IT IS SO ORDERED.

                                              Richard Mark Gergel
                                              United States District Judge

Charleston, South Carolina
September 5, 2012