IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur J. Anderson, ) | |
| ) | Case No. 1:10-cv-996-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Darlene Drew, Erlinda Hernandez, and ) | |
| John and Jane Does, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Defendant Erlinda Hernandez's ("Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (Dkt. No. 105). For the reasons set forth below, Defendant's motion is granted.

### Background

In September 2012, Defendant was first made a party to this action when she was served with a Summons and Plaintiff's Third Amended Complaint. Defendant then filed an Answer on September 24, 2012 wherein she asserted the defense of lack of personal jurisdiction. (Dkt. No. 96 at 8). Defendant then filed the present motion to dismiss on October 23, 2012. (Dkt. No. 105). Plaintiff responded to the motion on November 11, 2012. (Dkt. No. 107).

### Law/Analysis

When a court's personal jurisdiction is challenged, the burden is on the plaintiff to establish that a ground for jurisdiction exists. *Combs v. Baker*, 886 F.2d 673, 676 (4th Cir. 1989). When, as here, the court resolves the motion on written submissions (as opposed to an evidentiary hearing), the plaintiff need only make a "prima facie showing of sufficient jurisdictional basis," and the court must construe relevant allegations in favor of the

plaintiff. *Id.* However, the plaintiff's showing must be based on specific facts set forth in the record. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992).

Due process requires that a defendant have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This standard can be met in two ways: "by finding specific jurisdiction based on conduct connected to the suit or by finding general jurisdiction." *E.g., ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Each defendant's contacts with the forum State must be assessed individually. *Calder v. Jones*, 465 U.S. 783, 790 (1984) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).

Although Plaintiff concedes that he cannot establish minimum contacts sufficient to establish personal jurisdiction over Defendant, Plaintiff argues that Defendant has waived personal jurisdiction by answering her complaint without a simultaneous motion to dismiss and by serving discovery on Plaintiff. (*Id.*). The Court finds this argument unpersuasive. First, Defendant preserved her personal jurisdiction defense by including it in her answer (Dkt. No. 96 at 8). *Mattel, Inc. v. Barbie-Club.com*, 310 F.3d 293, 307 (2d Cir. 2002). Second, Defendant's motion to dismiss for lack of personal jurisdiction was filed only one month after she was first served with Plaintiff's Amended Complaint, and the Court finds in this situation that Defendant has not waived personal jurisdiction by serving discovery on Plaintiff. *See Rates Tech. Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1308-09 (Fed. Cir. 2005) (holding substantial participation required to find waiver by conduct after personal jurisdiction defense asserted in answer).

## Conclusion

For the reasons stated above, the Court grants Defendant Erlinda Hernandez's motion to dismiss pursuant to Rule 12(b)(2). (Dkt. No. 105). Plaintiff's Third Amended Complaint as to Defendant Erlinda Hernandez is therefore DISMISSED without prejudice.

_____
Richard Mark Gergel
United States District Court Judge

November 20, 2012
Charleston, South Carolina